UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SMARTHEALTH, INC., d/b/a
SMARTPRACTICE, an Arizona
corporation,

              Plaintiff,

    vs.

SHEN WEI (USA) INC., a California
corporation, and MEDLINE
INDUSTRIES, INC., an Illinois
corporation,

              Defendants.

**03C 3417**

**JUDGE JOAN H. LEFKOW**

**MAGISTRATE JUDGE KEYS**

Case No.

Jury Trial Demanded

**DOCKETED**
MAY 2 2 2003

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff SmartHealth, Inc., by its attorneys, Johnson & Bell, Ltd. and

Reinhart Boerner Van Deuren s.c., for its Complaint for Declaratory Judgment

against defendants Shen Wei (USA), Inc. (hereinafter "Shen Wei") and Medline

Industries, Inc. (hereinafter "Medline") alleges as follows:

### THE PARTIES

1.    Plaintiff SmartHealth, Inc. ("SmartHealth") is an Arizona

corporation with offices at 3400 East McDowell Road, Phoenix, Arizona 85008-

7899.

2.     Defendant Shen Wei is a corporation organized and existing under the laws of the State of California and has its principal place of business in Union City, California.

3.     Defendant Medline is a corporation organized and existing under the laws of the State of Illinois and has its principal place of business in Mundelein, Illinois.

## JURISDICTION AND VENUE

4.     This claim arises under the Acts of Congress relating to patents, 35 U.S.C. §§ 1 et. seq., and under the Declaratory Judgment Act, 28 U.S.C. § 2201.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

6.     An actual controversy exists between Defendants and Plaintiff in that Defendants have threatened to bring suit against Plaintiff for patent infringement and breach of contract.

## FACTS UNDERLYING CLAIM
## FOR DECLARATORY JUDGMENT

7.     SmartHealth is in the business of developing, marketing, selling and distributing dental and medical supplies, including medical grade gloves, to health care professionals.

8.     Among SmartHealth's former glove products was a glove having an aloe vera-based surface coating.

9.     In 2002, Defendants Shen Wei and Medline sued SmartHealth for infringement of U.S. Patent No. 6,274,154 (the "'154 Patent") and U.S. Patent No.

6,423,328 (the "'328 Patent") in the United States District Court for the Northern District of Illinois, Eastern Division, in Civil Action Nos. 02-C-3080 and 02-C-5197, respectively.

10.     In their complaints, Defendants claimed SmartHealth's gloves containing an aloe vera-based surface coating violated the '154 Patent and the '328 Patent, which Defendants alleged covered the processes of coating gloves with aloe vera.  SmartHealth denied those claims.

11.     On or about November 22, 2002, SmartHealth and Defendants settled those claims.

12.     Pursuant to a Settlement Agreement between Defendants and SmartHealth, effective November 22, 2002 (the "Settlement Agreement"), SmartHealth agreed to discontinue selling a glove having an aloe vera-based surface coating.  A true and correct copy of the Settlement Agreement is attached hereto as Exhibit A.

13.     Pursuant to paragraph 6 of the Settlement Agreement, however, SmartHealth retained the right to market, sell and import its existing inventory of gloves having an aloe vera-based surface coating to and including June 7, 2003.

14.     In November 2002, the district court entered Agreed Orders dismissing Defendants' two lawsuits with prejudice.  True and correct copies of the Agreed Orders are attached hereto as Exhibits B and C.

15.     Under the terms of the Settlement Agreement and Agreed Orders, SmartHealth retains the right to sell gloves having an aloe vera-based surface

3

coating until June 7, 2003. (Ex. B, ¶ 6; Exs. C and D, ¶ 6.) On or before June 7, 2003, SmartHealth will discontinue sales of gloves having an aloe vera-based surface coating.

16.     SmartHealth has been developing, producing and marketing a new glove containing aloe vera (the "New Aloe Glove"). The New Aloe Glove does not contain or have an aloe vera-based surface coating.

17.     SmartHealth's New Aloe Glove does not infringe Defendants' '154 Patent.

18.     SmartHealth's New Aloe Glove does not infringe Defendants' '328 Patent.

19.     SmartHealth's development, production, marketing and eventual sale of the New Aloe Glove does not breach the Settlement Agreement.

20.     When SmartHealth informed Medline of its plans to develop, market and sell the New Aloe Glove, Medline stated that if SmartHealth sold a glove containing aloe vera on or after the expiration of the Settlement Agreement (June 7, 2003), Defendants would file suit against SmartHealth for breach of the Settlement Agreement and for infringement of the '154 Patent and the '328 Patent. (See Allen C. Schlinsog, Jr.'s Affidavit in Support of Plaintiff's Complaint for Declaratory Judgment ¶ 4, attached hereto as Exhibit D.)

21.     In an attempt to assure Defendants it was not in breach of the Settlement Agreement and that it was not violating either the '154 Patent or the '328 Patent, SmartHealth offered to disclose confidentially to Medline's in-house

4

counsel, the process for incorporating aloe vera into its New Aloe Glove. Medline's counsel refused this attempt by SmartHealth to avoid litigation. (See Exhibit D, Schlinsog Aff. ¶ 6.)

22. SmartHealth believes that it is and will continue to be damaged by Defendants' threats that SmartHealth's New Aloe Glove violates Defendants' '154 Patent and '328 Patent, as well as Defendants' allegations that SmartHealth's sale of the New Aloe Glove breaches the Settlement Agreement. These threats and Defendants' threats of future litigation damage SmartHealth's ability to supply its customers with the New Aloe Glove.

23. An actual controversy exists between the parties with respect to Defendants' claims of patent infringement and breach of the Settlement Agreement.

24. Declaratory relief is necessary in this case because SmartHealth wishes to conduct its business free of threat of litigation by Defendants. Plaintiff has suffered and will continue to suffer irreparable harm and damage. Unless there is a judgment that SmartHealth's New Aloe Glove does not violate the '154 and the '328 Patents and that SmartHealth has not breached the Settlement Agreement, the harm to SmartHealth will increase.

25. SmartHealth has no adequate remedy at law.

WHEREFORE, Plaintiff SmartHealth demands judgment against Defendants Shen Wei and Medline as follows:

A.      Declaring that SmartHealth's New Aloe Glove does not infringe U.S. Patent No. 6,274,154;

B.      Declaring that SmartHealth's New Aloe Glove does not infringe U.S. Patent No. 6,423,328;

C.      Declaring that SmartHealth has not violated any provision of the Settlement Agreement;

D.      Permanently enjoining Shen Wei and Medline from asserting any claim that SmartHealth has infringed U.S. Patent No. 6,274,154 or U.S. Patent No. 6,423,328;

E.      Permanently enjoining Shen Wei and Medline from asserting any claim that SmartHealth has breached or will breach any provision of the Settlement Agreement by producing, marketing and selling its New Aloe Glove;

F.      Finding that this is an exceptional case and that SmartHealth may recover its reasonable attorneys' fees and costs; and

G.      Awarding Plaintiff such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated this 21st day of May, 2003.

Respectfully submitted,

BY _Kevin G Owens_

Johnson & Bell, Ltd.
55 East Monroe, Suite 4100
Chicago, IL 60603
312-984-0270

Kevin G. Owens
Attorneys for Plaintiff
SmartHealth, Inc.

Allen C. Schlinsog, Jr.
ARDC No.: 6207690
Colleen E. Fielkow
ARDC No.: 6242878
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 2100
Milwaukee, WI 53202-3186
414-298-1000

Mailing Address:
P.O. Box 2965
Milwaukee, WI 53201-2965

MW/981634

# SETTLEMENT AGREEMENT

**THIS AGREEMENT**, effective November _22_, 2002, is made between Shen Wei (USA) Inc. ("Shen Wei"), Medline Industries, Inc. ("Medline") and SmartHealth, Inc. d/b/a SmartPractice ("SmartHealth").

**WHEREAS**, Shen Wei and Medline sued SmartHealth for infringement of United States Letters Patent No. 6,274,154 ("'154 Patent") in the United States District Court for the Northern District of Illinois, Eastern Division, captioned Shen Wei (USA) Inc. and Medline Industries, Inc. v. SmartHealth, Inc. d/b/a SmartPractice, Civil Action No. 02 C 3080;

**WHEREAS** Shen Wei and Medline sued SmartHealth for infringement of United States Letters Patent No. 6,423,328 ("'328 Patent") in the United States District Court for the Northern District of Illinois, Eastern Division, captioned Shen Wei (USA) Inc. and Medline Industries, Inc. v. Tillotson Healthcare Corporation et al., Civil Action No. 02 C 5197;

**WHEREAS**, Shen Wei, Medline and SmartHealth have agreed to settle and dismiss said currently pending actions in order to avoid further litigation and expenses, without admission of liability by any party; and

**NOW, THEREFORE**, Shen Wei, Medline and SmartHealth hereby agree as follows:

1.    Each reference to SmartHealth herein shall be deemed to include all directors, officers, agents and employees of SmartHealth, respectively, and any and all parent companies, subsidiaries, successors and assigns of each of these companies.

2.    SmartHealth agrees that, with the exception of the provisions of paragraph 6 of this Agreement, for the life of U.S. Patents 6,274,154 and 6,423,328, it will not manufacture, import, market, offer to sell, and/or sell in the United States a glove having an aloe vera-based surface coating, including but not limited to the glove which SmartHealth currently sells under the name "le soothe." SmartHealth further agrees that it will not directly or indirectly assist any other party in any of the foregoing.

3.    Shen Wei and Medline, for themselves and their parent companies, subsidiaries, affiliated entities, insurers, predecessors, successors, assigns, officers, directors, shareholders, employees, attorneys and agents (hereinafter collectively "Plaintiffs") release and discharge SmartHealth, its parent company, subsidiaries, affiliated entities, insurers, predecessors, successors, assigns, officers, directors, shareholders, employees, attorneys and agents, from all claims which were or could have been asserted in the complaint in the two above-referenced actions.

4.    SmartHealth, for itself and its parent companies, subsidiaries, affiliated entities, insurers, predecessors, successors, assigns, officers, directors, shareholders, employees, attorneys and agents, release and discharge Plaintiffs, their parent companies, subsidiaries, affiliated entities, insurers, predecessors, successors, assigns, officers, directors, shareholders, employees,

EXHIBIT

A

attorneys and agents, from all claims which were or could have been asserted by SmartHealth in the counterclaims in Civil Action No. 02 C 5197.

5.    SmartHealth agrees that it will not challenge or contest the validity, enforceability or infringement of the '154 patent, or any continuation or continuation-in-part thereof, including but not limited to the '328 patent, in any proceeding in any court or agency in the United States. SmartHealth further agrees that it will not provide assistance or resources, whether by documents, access to personnel or outside consultant or experts, or otherwise, to any party seeking to have any claims of the '154 Patent or the '328 Patent declared invalid or unenforceable, unless subpoenaed or otherwise compelled by law to do so. Nothwithstanding the foregoing, Plaintiffs agree that SmartHealth shall be allowed to contest the validity, enforceability or infringement of these patents in any proceeding initiated by Plaintiffs .

6.    Plaintiffs agree that for a period of six and one-half months SmartHealth will have the right to continue to market, offer to sell, sell and/or import its existing inventory of "le soothe" gloves, which consists of 192,000 boxes of gloves. SmartHealth agrees that to the extent that any sales made pursuant to this paragraph are in the United States, that those sales will be made in the ordinary course of business and in the same markets and at the same prices that SmartHealth has historically sold "le soothe" gloves. SmarthHealth further agrees that it will provide Plaintiffs monthly reports setting forth the amount of inventory remaining to be sold. Plaintiffs agree that they will not be entitled to any fee or payment of any kind for any sales made pursuant to this paragraph.

7.    SmartHealth agrees that if it breaches this Settlement Agreement or the accompanying Agreed Orders, Shen Wei and Medline will have the right to reinstate the claims asserted in the above-referenced actions, including claims for willful patent infringement and multiple damages,  in the United States District Court for the Northern District of Illinois, Eastern Division, and that SmartHealth will not contest the jurisdiction or venue of that Court.

8.    The parties agree that any future litigation between the parties regarding a glove having an aloe vera-based surface coating, including but not limited to the "le soothe" glove, shall be brought and will take place in the United States District Court for the Northern District of Illinois.

9.    No rights or licenses of any kind are granted to SmartHealth under any Shen Wei patents, and it is specifically understood that Shen Wei and Medline have not agreed that any gloves containing an aloe vera-based surface coating that have been imported, manufactured, used, sold or offered for sale by SmartHealth in the past, or that might be imported, manufactured, used, sold or offered for sale by SmartHealth in the future, are licensed by Shen Wei or are outside the scope of any Shen Wei patents, including the '154 and '328 patents.

10.    The parties agree that all claims in the two above-referenced actions will be dismissed with prejudice. Each party agrees to bear its own costs in the two above-referenced actions.  The parties agree to instruct their attorneys to promptly dismiss the two above-referenced actions with prejudice and without costs or fees to any party.  The parties further agree to cooperate fully and execute any supplementary documents and to take all additional

actions that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

11.     This Agreement and the accompanying agreed orders shall be governed by and interpreted in accordance with the internal laws of the State of Illinois and the patent laws of the United States.

12.     The parties agree that the United States District Court for the Northern District of Illinois shall retain jurisdiction to enforce this Settlement Agreement and the accompanying agreed orders in this matter.

13.     Each party represents that such party has received independent legal advice with respect to the advisability of entering into this Agreement and neither has been entitled to rely upon or has in fact relied upon the legal or other advice of the other party or such party's counsel in entering this Agreement.  Each party has participated in the drafting and preparation of this Agreement, and, accordingly, the same shall not be construed against any party by reason of the source of drafting.

14.     The term of this Agreement shall be deemed to have begun on the effective date of this Agreement, and shall expire when both the '154 and '328 patents have expired.

15.     Any expiration of this Agreement shall be without prejudice regarding any rights and duties hereunder that may have accrued to either party before the date of expiration.

16.     The various provisions of this Agreement shall be considered legally separable.  If any provision is declared invalid or unenforceable by a court of competent jurisdiction or by any Government agency, such invalidity shall not render ineffective the remainder of this Agreement.

17.     Each party represents that such party has carefully read this Agreement, that it has been fully explained to such party by its attorney, that such party fully understands its final and binding effect, that the only promises made to such party to sign the Agreement are those stated above and that such party is signing this Agreement voluntarily.

18.     This Agreement constitutes a single integrated contract expressing the entire agreement of the parties with respect to the subject matter hereof, and supersedes all prior or contemporaneous oral and written agreements and discussions with respect to the subject matter hereof, and except as specifically set forth herein, there are no other agreements, written or oral, express or implied, between the parties hereto with respect to the subject matter of this Agreement.

19.     None of the rights, powers or remedies conferred herein shall be mutually exclusive, and each such right, power or remedy, whether conferred herein or hereafter available at law, in equity, by statute or otherwise shall be construed in conjunction with the other rights, powers or remedies conferred herein.

20. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same agreement.

21. Signature pages may be transmitted by facsimile. Upon delivery via facsimile, a signature shall be deemed an original and shall be admissible in evidence.

22. This Agreement may be amended only by written instrument designated as an amendment to this Agreement and executed by the parties to this Agreement (or their successors).

IN WITNESS WHEREOF, the parties have caused this Agreement to be signed by their duly authorized officers on the dates indicated below:

Shen Wei (USA) Inc.

By: _____

Title: _____PRESIDENT_____

Date: _____11/25/02_____

SmartHealth, Inc. d/b/a
SmartPractice

By: _____

Title: _____

Date: _____

Medline Industries, Inc.

By: _____

Title: _____

Date: _____

20. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same agreement.

21. Signature pages may be transmitted by facsimile. Upon delivery via facsimile, a signature shall be deemed an original and shall be admissible in evidence.

22. This Agreement may be amended only by written instrument designated as an amendment to this Agreement and executed by the parties to this Agreement (or their successors).

IN WITNESS WHEREOF, the parties have caused this Agreement to be signed by their duly authorized officers on the dates indicated below:

Shen Wei (USA) Inc.

By: _____

Title: _____

Date: _____

SmartHealth, Inc. d/b/a
SmartPractice

By: _____

Title: _____

Date: _____

Medline Industries, Inc.

By: _____

Title: _General Counsel_

Date: _11/23/02_

4

20.   This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same agreement.

21.   Signature pages may be transmitted by facsimile. Upon delivery via facsimile, a signature shall be deemed an original and shall be admissible in evidence.

22.   This Agreement may be amended only by written instrument designated as an amendment to this Agreement and executed by the parties to this Agreement (or their successors).

IN WITNESS WHEREOF, the parties have caused this Agreement to be signed by their duly authorized officers on the dates indicated below:

Shen Wei (USA) Inc.

By: _____

Title: _____

Date: _____


SmartHealth, Inc. d/b/a
SmartPractice/

By: _____

Title: _____CEO_____

Date: ___1/on 22, 02_____


Medline Industries, Inc.

By: _____

Title: _____

Date: _____

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**DOCKETED**

**NOV 2 7 2002**

SHEN WEI (USA) INC., a California, )
corporation and MEDLINE INDUSTRIES, )
INC., an Illinois corporation, )
 )
      Plaintiffs, )
 )
      vs. )  Civil Case No. 02 C 3080
 )
SMARTHEALTH, INC. d/b/a )  Hon. Milton I. Shadur
SMARTPRACTICE, an Arizona corporation, )
 )  Magistrate Judge Edward A. Bobrick
      Defendant. )

## AGREED ORDER

    The parties to this matter, Plaintiffs Shen Wei (USA) Inc. ("Shen Wei") and Medline Industries, Inc. ("Medline"), and Defendant SmartHealth, Inc. d/b/a SmartPractice ("SmartHealth"), have agreed to a settlement of the matters in dispute between them and stipulate that:

1.    Shen Wei is a corporation existing and organized under the laws of the State of California and has its principal place of business in Union City, California.

2.    Medline is a corporation existing and organized under the laws of the State of Illinois and has its principal place of business in Mundelein, Illinois.

3.    SmartHealth is an Arizona corporation doing business as SmartPractice.

4.    SmartHealth represents that it has ceased manufacturing in the United States gloves having an aloe vera-based surface coating, such as the glove SmartHealth currently sells under the name "le soothe."

5.    Except as provided in paragraph 6 of this order, SmartHealth agrees that, for the life of U.S. Patents 6,274,154 and 6,423,328 it will not manufacture, import, market, offer to sell, and/or sell in the United States gloves having an aloe vera-based surface coating, such as the glove SmartHealth currently sells under the name "le soothe." SmartHealth further agrees that it will not directly or indirectly assist any other party in any of the foregoing.

6.    Shen Wei and Medline agree that for a period of six and one-half months from the date of the Settlement Agreement between the parties that SmartHealth will have the right to sell its existing inventory of 192,000 boxes of "le soothe" gloves, in accordance with the terms of paragraph 6 of that Agreement.

CHICAGO-240738v5 54009-00001



EXHIBIT

B

17

**IT IS THEREFORE ORDERED THAT:**

1. This Court's jurisdiction over the claims for patent infringement and asserted counterclaims arises under the Patent Laws of the United States Title 35 of the United States Code and is conferred by the 28 U.S.C. 1338(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

3. This Court in this matter has personal jurisdiction over SmartHealth in this action or any action brought under paragraphs 7, 8 or 12 of the Settlement Agreement between the parties.

4. All claims of this lawsuit are hereby dismissed with prejudice.

5. Shen Wei and Medline shall have the right to reinstate the present action if SmartHealth manufacturers, imports, markets, offers for sale, or sells gloves in violation of the foregoing agreement, or if SmartHealth assists any other party in doing the same, without the written permission of Shen Wei and Medline.

6. Each party shall bear its own costs, expenses and attorney's fees.

7. This Court shall retain personal and subject matter jurisdiction as to this Agreed Order and the Settlement Agreement, which is expressly incorporated herein by reference.

Approved on behalf of
Shen Wei (USA) Inc. and
Medline Industries, Inc.:

_Attorney for Plaintiffs_

Approved on behalf of
SmartHealth, Inc. d/b/a
SmartPractice

_Attorney for Defendant_
Allen G. Schlinger, Jr.
1/26/02

**SO ORDERED:**

Judge Milton I. Shadur
United States District Court Judge

Nov. 27, 2002
Date:

2

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| SHEN WEI (USA) INC., a California corporation, and MEDLINE INDUSTRIES, INC., an Illinois corporation, | ) ) ) ) | |
| *Plaintiffs,* | ) ) | Civil Case No. 02 C 5197 |
| vs. | ) ) ) | |
| TILLOTSON HEALTHCARE CORPORATION, a New Hampshire corporation, et al., | ) ) ) | Hon. James B. Zagel |
| | ) | Magistrate Judge Ashman |
| *Defendants.* | ) | |

## AGREED ORDER

The parties to this matter, Plaintiffs Shen Wei (USA) Inc. ("Shen Wei") and Medline Industries, Inc. ("Medline"), and Defendant SmartHealth, Inc. d/b/a SmartPractice ("SmartHealth"), have agreed to a settlement of the matters in dispute between them and stipulate that:

1. Shen Wei is a corporation existing and organized under the laws of the State of California and has its principal place of business in Union City, California.

2. Medline is a corporation existing and organized under the laws of the State of Illinois and has its principal place of business in Mundelein, Illinois.

3. SmartHealth is an Arizona corporation doing business as SmartPractice.

4. SmartHealth represents that it has ceased manufacturing in the United States gloves having an aloe vera-based surface coating, such as the glove SmartHealth currently sells under the name "le soothe."

5. Except as provided in paragraph 6 of this Agreed Order, SmartHealth agrees that, for the life of U.S. Patents 6,274,154 and 6,423,328 it will not manufacture, import, market, offer to sell, and/or sell in the United States gloves having an aloe vera-based surface coating, such as the glove SmartHealth currently sells under the name "le soothe." SmartHealth further agrees that it will not directly or indirectly assist any other party in any of the foregoing.

6. Shen Wei and Medline agree that for a period of six and one-half months from the date of the Settlement Agreement between the parties that SmartHealth will have the right to sell its existing inventory of 192,000 boxes of "le soothe" gloves, in accordance with the terms of paragraph 6 of that Agreement.

CHICAGO 240738v3 54009-00001


EXHIBIT
C

**IT IS THEREFORE ORDERED THAT:**

1.  This Court's jurisdiction over the claims for patent infringement and asserted counterclaims arises under the Patent Laws of the United States Title 35 of the United States Code and is conferred by the 28 U.S.C. 1338(a).

2.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

3.  This Court in this matter has personal jurisdiction over SmartHealth in this action or any action brought under paragraphs 7, 8 or 12 of the Settlement Agreement between the parties.

4.  Plaintiffs' claims against SmartHealth and SmartHealth's counterclaims are hereby dismissed with prejudice.

5.  Shen Wei and Medline shall have the right to reinstate the present action if SmartHealth manufacturers, imports, markets, offers for sale, or sells gloves in violation of the foregoing agreement, or if SmartHealth assists any other party in doing the same, without the written permission of Shen Wei and Medline.

6.  Each party shall bear its own costs, expenses and attorney's fees.

7.  This Court shall retain personal and subject matter jurisdiction as to this Agreed Order and the Settlement Agreement, which is expressly incorporated herein by reference.

Approved on behalf of
Shen Wei (USA) Inc. and
Medline Industries, Inc.:

_____
Attorney for Plaintiffs

Approved on behalf of
SmartHealth, Inc. d/b/a
SmartPractice

_____
Attorney for Defendant
Allen C. Schlinsog, Jr.
11/26/02

**SO ORDERED:**

_____
Judge James B. Zagel
United States District Court Judge

_11/26/2002_
Date:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

SMARTHEALTH, INC., d/b/a
SMARTPRACTICE, an Arizona
corporation,

                Plaintiff,

          vs.                              Case No.

SHEN WEI (USA) INC., a California
corporation, and MEDLINE
INDUSTRIES, INC., an Illinois                Jury Trial Demanded
corporation,

                Defendants.

---

## AFFIDAVIT OF ALLEN C. SCHLINSOG, JR.

---

State of Wisconsin  )
                    ) SS.
Milwaukee County  )

      Allen C. Schlinsog, Jr., being first duly sworn on oath deposes and states as

follows:

           1.      I am an attorney licensed to practice law in the State of

Wisconsin and the State of Illinois. I am one of the attorneys for plaintiff

SmartHealth, Inc., and have prepared this affidavit based on my personal

knowledge and in support of SmartHealth's Complaint for Declaratory Judgment.

           2.      On May 15, 2003, I spoke by telephone to in-house counsel

for Medline Industries, Inc. ("Medline").

EXHIBIT
D

MAY 21 2003 15:29 FR RBVDNR MILW #5     414 298 8097 TO 2#130#1312372043 P.20

3.     In response to Medline's questions about SmartHealth's intention to supply a glove with aloe vera, I informed Medline's in-house counsel that SmartHealth had a new glove product that contained aloe vera (the "New Aloe Glove"), but that the aloe vera was not in the form of a surface coating. I explained to Medline's in-house counsel that because the New Aloe Glove did not have an aloe vera surface coating, the New Aloe Glove did not even arguably infringe U.S. Patent No. 6,274,154 or U.S. Patent No. 6,423,328, upon which Medline and Shen Wei (USA), Inc. had previously filed suit against SmartHealth. I also explained that because the New Aloe Glove did not have an aloe vera surface coating, SmartHealth's sales of the New Aloe Glove would not breach the parties' November 22, 2002 Settlement Agreement.

4.     Medline's in-house counsel stated that if SmartHealth sold a glove containing aloe in any respect after the sale down period referenced in the Settlement Agreement (June 7, 2003), Medline and Shen Wei would sue SmartHealth for infringement of U.S. Patent No. 6,274,154 and U.S. Patent No. 6,423,328 and for breach of the November 22, 2002 Settlement Agreement.

5.     Because SmartHealth's New Aloe Glove contains confidential information, trade secrets and other proprietary information of SmartHealth, I offered to disclose the construction and the manufacturing process of the New Aloe Glove only if Medline maintained the confidentiality of the information.

2

6.    Medline's in-house counsel refused to enter into any such

confidentiality agreement on behalf of Medline.

_____
Allen C. Schlinsog, Jr.

Subscribed and sworn to before me this 21ˢᵗ day of May, 2003 by Allen C.
Schlinsog, Jr.

_____
Keri L. Kemposki
Notary Public, State of Wisconsin
My Commission: 2-29-04

MW/982097

3

JS 44 (Rev. 3/99)

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**

SN1ALTHEALTH,INC., d/b/a
SMARTPRACTICE,

**DEFENDANTS**

SHEN WEI (USA) INC.
MEDLINE INDUSTRIES,INC

03 C 3417

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

DOCKETED
MAY 2 2 2003

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

JUDGE JOAN H. LEFKOW

MAGISTRATE JUDGE KEYS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Inj.

**PERSONAL INJURY**
- ☐ 362 Personal Injury— Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☒ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

SUITE FOR DECLARATORY and OTHER RELIEF

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. This case
☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case _____, previously dismissed by Judge _____

DATE
5/21/03

SIGNATURE OF ATTORNEY OF RECORD
Kevin Owens