# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SMARTHEALTH, INC. d/b/a SMARTPRACTICE, an Arizona corporation, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 03 C 3417<br>Judge Joan H. Lefkow |
| SHEN WEI (USA), INC., a California corporation, and MEDLINE INDUSTRIES, INC., an Illinois corporation, ) ) ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On May 21, 2003, plaintiff, SmartHealth, Inc., filed suit against defendants, Shen Wei (USA), Inc. ("Shen Wei") and Medline Industries, Inc. ("Medline"), seeking a declaratory judgment that the production, marketing, and sale of its "New Aloe Glove" does not infringe certain patents owned by Shen Wei and that the production, marketing, and sale of the New Aloe Gloves does not violate a November 22, 2002 settlement agreement between the parties. By letter dated February 10, 2005, defendants covenanted not to sue SmartHealth for infringement of the patents at issue by the New Aloe Gloves. By letter dated April 5, 2005, defendants further covenanted not to sue SmartHealth for breach of the parties' November 22, 2002 settlement agreement for the production, marketing, and sale of the New Aloe Gloves. Defendants now move to dismiss SmartHealth's declaratory judgment complaint for lack of subject matter jurisdiction, arguing that the covenants remove the actual case or controversy required for this court's jurisdiction over the matter. For the reasons stated below, the court grants the motion.

## I. Background

SmartHealth is in the business of developing, marketing, selling, and distributing dental and medical supplies, including medical grade gloves, to health care professionals. Among SmartHealth's former glove products was a glove having an aloe vera-based surface coating. In 2002, defendants filed suit against SmartHealth in this court for infringement of U.S. Patent No. 6,274,154 ("the '154 Patent") or U.S. Patent No. 6,423,328 ("the '328 Patent"), which defendants alleged covered the processes of coating gloves with aloe vera. On or about November 22, 2002, SmartHealth and defendants settled those claims. Pursuant to a November 22, 2002 Settlement Agreement, SmartHealth agreed to discontinue selling a glove having an aloe vera-based surface coating.

Thereafter, SmartHealth began developing, producing and marketing a new glove containing aloe vera but without an aloe vera-based surface coating (the "New Aloe Vera Glove"). On May 21, 2003, SmartHealth filed the instant suit against defendants seeking a declaratory judgment that its New Aloe Glove does not infringe the '154 Patent or the '328 Patent. SmartHealth also seeks a declaration that the production, marketing, and sale of the New Aloe Gloves does not breach the November 22, 2002 settlement agreement.

By letter dated February 10, 2005, defendants provided SmartHealth with the following covenant not to sue SmartHealth:

> Shen Wei and Medline hereby covenant that they will not assert any claim against SmartHealth, Inc. for infringement of U.S. Patent Nos. 6,274,154 or 6,423,328 with respect to the gloves that SmartHealth has defined in the above referenced Complaint as the "New Aloe Gloves," which are manufactured in accordance with a process which is the same or insubstantially different than the process disclosed in this litigation . . . and are currently made, used, offered for sale, sold, or imported by SmartHealth under the brand name "le soothe." This covenant does not extend to any claim in any other patent,

whether related or unrelated to the '154 or '328 patents, nor does this covenant extend to any affiliate or customer of SmartHealth, Inc.

Defendants then requested that SmartHealth dismiss this action since defendants agreed not to assert the patents at issue against SmartHealth in relation to the New Aloe Vera Gloves. In response, SmartHealth notified defendants that it would not withdraw its declaratory judgment claims because it does not believe that the Covenant resolves the parties' dispute regarding infringement or breach of the Settlement Agreement. Defendants thereafter filed the instant motion to dismiss.

On April 5, 2005, defendants executed the following covenant:

> Shen Wei and Medline covenant that they will not assert any claim against SmartHealth that the production, marketing, selling, or importing of the New Aloe Glove breaches the parties' Settlement Agreement in matters 02 C 3080 (N.D. Illinois) and 02 C 5197 (N.D. Illinois).

## II. Requirements for Jurisdiction Under the Declaratory Judgment Act

The Declaratory Judgment Act limits issuance of a declaratory judgment to cases of "actual controversy." 28 U.S.C. § 2201(a). If no actual controversy exists between the parties regarding the subject on which declaratory judgment is sought, the court lacks subject matter jurisdiction. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-40 (1937); *Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 634 (Fed. Cir. 1991). A declaratory judgment "may not be a medium for securing an advisory opinion in a controversy which has not arisen." *Coffman v. Breeze Corp.*, 323 U.S. 316, 324 (1945).

In declaratory judgment actions involving allegations of patent noninfringement, invalidity, or unenforceability, an "actual controversy" exists where there is both (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension that the

3

declaratory plaintiff or its customers will face an infringement suit, and (2) present activity by the declaratory plaintiff or its customers which could constitute infringement or concrete steps taken with the intent to conduct such activity. *Fina Research, S.A. v. Baroid Ltd.*, 141 F.3d 1479, 1481 (Fed. Cir. 1998); *Arrowhead Industrial Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 736-37 (Fed. Cir. 1988). Importantly, this test is applied "to the facts existing when the complaint is filed." *Arrowhead*, 846 F.2d at 736. The declaratory plaintiff bears the burden to establish, by a preponderance of the evidence, that the two-part test for an actual controversy has been met. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)("[T]he court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence."). Finally, even if there is an actual controversy and thus jurisdiction, the exercise of that jurisdiction rests within the sound discretion of the district court. *See, e.g., Serco Servs. Co. v. Kelley Co.*, 51 F.3d 1037, 1039 (Fed. Cir.1995).

## III. Discussion

Defendants argue that their covenant not to sue SmartHealth for infringement of the '154 or '328 patents in relation to the New Aloe Glove and their covenant not to assert any claim against SmartHealth for breach of the settlement agreement extinguish the controversy between the parties, thus removing the matter from this court's jurisdiction.

SmartHealth no longer disputes that the covenant executed on April 5, 2005 extinguishes the controversy over the Settlement Agreement issue. SmartHealth argues, however, that the covenant executed on April 5, 2005 does not extinguish the controversy over the patent

infringement issue because defendants expressly reserved the right to sue SmartHealth's customers or affiliates for the purchase or sale of the New Aloe Gloves.

Defendants primarily rely on the Federal Circuit's decision in *Intellectual Property Development, Inc. v. TCI Cablevision of California, Inc.*, 248 F.3d 1333 (Fed. Cir. 2001). In that case, the plaintiff patent-holder sued the defendant and twelve of its subsidiaries, including TCI-California, for patent infringement *Id.* at 1337. TCI-California counter-claimed, seeking declaratory judgment on the issues of noninfringement, invalidity, and unenforceability of the patent-in-suit. *Id.* Plaintiff subsequently submitted a statement of non-liability that neither the plaintiff nor any successors-in-interest to the patent-in-suit would sue TCI-California for infringement of the patent-in-suit. *Id.* at 1338. The Federal Circuit held that this statement of non-liability extinguished the controversy between the parties and divested the district court of jurisdiction over TCI-California's declaratory judgment counterclaims. *Id.* at 1342. The court rejected TCI-California's argument that a case or controversy remained because it might in the future be required to indemnify another entity found liable for infringement of the patent. The court reasoned that TCI-California did not have the requisite reasonable apprehension that it would face an infringement suit, because "a suit filed against a different party, even if TCI-California could potentially be required to indemnify that party, is not a suit that TCI-California itself faces." *Id.* at 1341-42.

Defendants argue that *Intellectual Property Development* is "directly controlling in this case," ignoring the fact that the court explicitly distinguished the facts of the case from a situation in which the declaratory plaintiff's customers, as opposed to its potential indemnitees, face the threat of an infringement suit by the patent holder. *Id.* at 1341 n. 8 ("We recognize that

'apprehension' may also apply to a declaratory plaintiff's customers . . . ." (citing *Arrowhead*, 846 F.2d 731)). In *Arrowhead*, the Federal Circuit, "rightly respecting the realities of business life," held that the "reasonable apprehension" prong of the case or controversy test is satisfied if the "plaintiff or its '*customers* face an infringement suit or *threat* of one." 846 F.2d at 736 (quoting *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979)(emphasis added by the *Arrowhead* court)). Thus, even if SmartHealth no longer has a reasonable apprehension of facing an infringement suit itself, the threat of an infringement suit against SmartHealth's customers by defendants satisfies the "reasonable apprehension" prong of the case or controversy test.

The only evidence SmartHealth offers to support its contention that its customers have a reasonable apprehension of an infringement suit, however, is defendants' express reservation of the right to file such a suit.[1] As SmartHealth argues, "[b]ecause defendants expressly reserve the right to sue SmartHealth's 'affiliates' and 'customers,' Defendants *presumably could sue* anyone who might be connected with the manufacture, purchase or resale of SmartHealth's gloves." (SmartHealth's Resp., at 2, emphasis added.) Just because defendants "presumably could sue" SmartHealth's customers does not mean that those customers have a reasonable apprehension of suit. A patentee's refusal to give assurances that it will not enforce its patent rights, while relevant to the reasonable apprehension analysis, is not dispositive. *BP Chems. Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 980 (Fed. Cir. 1993). Without any other evidence that defendants

---

[1] SmartHealth alleges that defendants have "threatened to sue those that do business with SmartHealth." (SmartHealth's Resp., at 9.) SmartHealth refers to only one example of such a threat–two letters sent by Medline and one of Medline's distributors to publishers of trade magazines that ran ads for the New Aloe Gloves threatening action for false advertising. Even if these letters provoked a reasonable apprehension of suit on the part of SmartHealth's customers, which is doubtful, the letters were sent in September and October, 2003, months after SmartHealth initiated this action. A party cannot establish a case or controversy based on facts that occur after a declaratory judgment complaint is filed. *See Arrowhead*, 846 F.2d at 736 (holding that the test for a justiciable case or controversy must be applied "to the facts existing when the complaint is filed.").

6

threatened suit or took other actions creating a reasonable apprehension that SmartHealth's customers will face an infringement suit, SmartHealth fails to meet its burden of establishing, by a preponderance of the evidence, that an actual controversy exists. Thus, this court lacks jurisdiction over SmartHealth's declaratory judgment complaint.

## CONCLUSION

For the reasons set forth above, the court grants defendants' motion to dismiss SmartHealth's declaratory judgment complaint for lack of subject matter jurisdiction [#94]. SmartHealth's declaratory judgment complaint is dismissed. The only remaining dispute concerns defendants' counterclaim for breach of the settlement agreement with regard to SmartHealth's "Old Aloe Gloves." The parties will be called for a status hearing on this issue on April 28, 2005 at 9:30 am.

Enter: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: April 14, 2005